UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND M. CROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV2338 TIA |
| | ) |
| DAVID S. FERRIERO, Archivist of the | ) |
| United States, National Archives and | ) |
| Records Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 9). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). After consideration of the motion and Plaintiff's Financial Affidavit in support, the Court will deny the motion.

On November 21, 2013, Plaintiff filed a 99-page Employment Discrimination Complaint in federal court and paid the $400 filing fee. (Compl., ECF No. 1) In her Complaint, Plaintiff alleges that Defendant discriminated against her based on her race and color, resulting in a failure to promote, disparity in pay, disparate treatment, retaliation, and harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Id. at pp. 2-5, 19-38) On April 9, 2014, Plaintiff filed a motion for appointment of counsel, asserting that she made diligent efforts to obtain legal counsel but was unable to do so because of her poverty. (ECF No. 9) After appearing at a Rule 16 conference, Plaintiff filed a financial affidavit in support of her motion for appointment of counsel. Upon review of that affidavit, the Court will deny Plaintiff in forma pauperis status and deny the motion for appointment of counsel.

In her financial affidavit, Plaintiff states that she is employed and receives a bi-weekly pay check of $2,899. Her yearly salary is $75,367. In addition, she owns a home last appraised at $42,000 and a lot valued at $1,500. Her bi-weekly payroll deductions total $1147.53, and her bi-weekly debts, which include utilities, loans, and credit cards, total $1327. Plaintiff's affidavit further avers that she nets $424.47 per month after paying her monthly bills. (Financial Aff., ECF no. 13) While Plaintiff contends that she has family issues that require her to financially help her niece and nephew, the Court finds that Plaintiff has sufficient funds such that in forma pauperis status is not warranted. See Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983) ("[T]he decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court."). Aside from the fact that Plaintiff already paid the filing fee, which renders her request for IFP status moot, she is not entitled to consideration of her motion for appointment counsel based on her poverty.

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." This provision applies only to indigent pro se litigants who have been granted in forma pauperis status in a civil case. Ruach v. Berts, Civ. No. 12-1129 (PAM/JSM), 2013 WL 796322, at *2 (D. Minn. March 4, 2013). As stated above, the Court in its discretion finds that Plaintiff is not indigent and thus is ineligible for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel and Affidavit in Support (ECF No. 9) is **DENIED.**

                                                               /s/ Terry I. Adelman
                                                UNITED STATES MAGISTRATE JUDGE

Dated this  14th  day of May, 2013.