UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROSALIND M. CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2338 TIA |
| | ) | |
| DAVID S. FERRIERO, Archivist of the | ) | |
| United States, National Archives and | ) | |
| Records Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This employment discrimination action[1] is before the Court on Defendant's Motion to Quash, in part, a deposition subpoena issued by pro se Plaintiff Rosalind Cross for October 8, 2014. (ECF No.20) For the reasons set forth below, the Court will grant the motion.

On September 5, 2014, Plaintiff served Defendant with a Notice of Deposition seeking to depose eight present and former employees of the National Archives and Record Administration, including Plaintiff herself. Defendant also has served Plaintiff with a notice to take her deposition on that date. .

Thereafter, on September 15, 2014, Defendant filed this motion asking the Court to bar Plaintiff from taking her own deposition, to instruct her that only one court reporting service may transcribe the deposition and to caution Plaintiff that only an officer of the Court may propound the deposition questions.

Plaintiff has not responded to the motion but the record reflects that Defendant and

---

[1] The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Plaintiff have been in communication and have attempted to resolve the issue themselves as required by the Local Rules of this Court.

Defendant's counsel represents to the Court that Plaintiff indicated that she planned to take her own deposition in one of the following ways:

i. hire a lawyer for the deposition,

ii. have a union representative ask her questions in the deposition,

iii. have somebody else ask her questions in the deposition,

iv. ask and answer the questions herself, or

v. she would draft questions (to be asked of herself in the deposition) and place them in a sealed envelope to be opened by an authorized officer of the court who would then ask her these questions during the deposition.

In addition, the record reflects that Plaintiff has expressed concern regarding the adequacy of transcription to accurately record her deposition testimony and wishes to have her deposition videotaped. Defendant has no objection to allowing the videotaping of the deposition provided Plaintiff bears that cost.

Upon consideration of these matters, the Court will grant Defendant's motion to quash and bar Plaintiff from taking her own deposition on October 8, 2014. During the course of the deposition taken by Defendant, Plaintiff shall be afforded a full opportunity to testify in detail regarding her claims but may not take her own deposition . The deposition shall be transcribed by a single court reporter and may be videotaped if Plaintiff agrees to pay for the videography.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash is **GRANTED.**.

(ECF No. 20).

**IT IS FURTHER ORDERED** that the status conference scheduled for this date herein having been cancelled will not be reset at the present time.

/s/ Terry I. Adelman

TERRY I. ADELMAN
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of September, 2014.