UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROSALIND CROSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  4:13 CV 02338 JMB |
| DAVID S. FERRIERO,<br>Archivist of the United States,<br>National Archives and Records<br>Administration, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion To Proceed In Forma Pauperis And Financial Affidavit (ECF No. 60).  All matters are pending before the Court with the consent of the parties, pursuant to 28 U.S.C. § 636(c).[1]  The Court will deny Plaintiff's motion to proceed In Forma Pauperis ("IFP"), and will discuss the reasons for this decision below, in accordance with Rule 24(a)(2) of the Federal Rules of Appellate Procedure ("FRAP").

### Background

This case arises out of allegations of discrimination in violation of Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e *et seq.*  Plaintiff alleges that her supervisors at the National Archives and Records Administration ("NARA") discriminated against her on the basis of race and color.  Defendants deny any discrimination or wrongdoing.[2]  On July 30, 2015, this Court granted summary judgment to NARA, finding that the law and the undisputed facts entitled NARA to judgment.  Plaintiff has appealed that decision.

Now, Plaintiff is seeking IFP status on appeal.  In support of her motion, she avers a

---

[1] This motion is before the Court pursuant to Rule 24(a)(1) of the Federal Rules of Appellate Procedure.
[2] A more detailed factual background of this lawsuit can be found in this Court's Memorandum and Order granting summary judgment.  (ECF No. 50)

1

monthly income of $3,500, and property that includes a $35,000 home on a $4,000 lot. Plaintiff claims monthly expenses of $2,611 and has no dependents. She claims that she has family issues that have caused her unexpected expenses, but she gives no details as to the amount.

The Court also notes that Plaintiff filed for IFP status before this Court at the beginning of this litigation. (ECF No. 9) In a May 14, 2014 order, this Court denied that request, finding "that Plaintiff has sufficient funds such that [IFP] status is not warranted." (ECF No. 14 at *2)

Discussion

The Court will overrule Plaintiff's motion to proceed IFP for several reasons. First, the Court already denied Plaintiff's motion to proceed IFP at the start of this suit, and Plaintiff's motion makes no allegations of *new* financial issues that have come up since that last motion. In fact, this current motion appears to be substantially duplicative of her earlier motion.

Second, and more importantly, Plaintiff does not meet the level of financial hardship required to proceed IFP. As noted above, Plaintiff brings home $3,500 per month, owns a home valued at $39,000, and it appears that her monthly bills amount to $2,611. This gives her at least several hundred dollars of net income after paying her bills every month. Although Plaintiff alleges that she has to assist various family members with expenses, she gives no concrete amounts. The Court finds that there have been no material changes since the last time that this Court denied Plaintiff IFP status, and thus, that Plaintiff has sufficient funds to prosecute her appeal without IFP status. See Cross v. General Motors Corp. 721 F.2d 1152, 1157 (8th Cir. 1983) ("[T]he decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court.").

Third, the Court notes that Plaintiff's application for IFP status does not comply with Rule 24 of the FRAP or 28 U.S.C. § 1915(a), both of which govern IFP proceedings in federal

courts. Rule 24(a)(1)(C) requires that a party seeking IFP status "state the issues that the party intends to present on appeal." This is an essential requirement so that the Court can determine whether the appeal is in good faith. See U.S. v. Ramey, 559 F. Supp. 60 (E.D. Tenn. 1981) (holding that omission from a party's affidavit of statement of issues presented on appeal was fatal to the party's motion for leave to appeal in forma pauperis). Section 1915(a)(1), meanwhile, allows a federal court to authorize IFP proceedings where a party has submitted an affidavit stating *inter alia*, the nature of the action, defense or appeal.

Plaintiff has not stated or specified any issues on appeal, and therefore, has not complied with the procedural requirements of Rule 24 or section 1915. See Farnsworth v. U.S., 106 Fed.Cl. 513, 517 (Fed. Cl. 2012) (noting that an IFP application under § 1915(a)(1) must be denied for failure to comply with statutory requirements where, *inter alia*, Plaintiff failed to state the nature of the action, defense or appeal).

Thus, in sum, this Court will deny Plaintiff's motion for IFP status because: (1) the Court previously denied IFP status and Plaintiff's new motion avers no material change in ability to pay; (2) according to Plaintiff's financial affidavit, she has sufficient net income and assets to afford her filing fee; and (3) Plaintiff failed to comply with the procedural requirements of Rule 24 of the FRAP and § 1915(a)(1) in her IFP application by not stating her issues on appeal.[3]

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion To Proceed In Forma Pauperis And Financial Affidavit (ECF No. 60) is DENIED.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of October, 2015

---

[3] Finally, the Court notes that within her IFP motion, Plaintiff also requests appointment of counsel on appeal. Because this case is now before the Court of Appeals, that request is one for the appellate court.